IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,  *

vs.  *

                                        CASE NO. 4:10-CR-34 (CDL)

STICARLO VANDERSON.  *

O R D E R

Defendant was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Prior to this federal indictment, Defendant pled guilty in state court to possession of a firearm by a convicted felon under Georgia law. The state offense to which Defendant pled guilty arises from the same events giving rise to the presently pending federal indictment. The Government intends to use Defendant's state-court guilty plea as an admission by a party-opponent at Defendant's trial on the federal charge. Defendant filed a Motion to Exclude From Trial Evidence of Prior Guilty Plea and All Statements Made in Connection with the Prior Guilty Plea (ECF No. 24). For the following reasons, Defendant's motion is denied.

BACKGROUND

The indictment charges Defendant with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Indictment, ECF No. 1. The Government also alleges that Defendant should be sentenced as an Armed Career Criminal pursuant to

18 U.S.C. § 924(e)(1). *Id.* Section 924(e)(1) provides for a minimum mandatory imprisonment sentence of fifteen years if the defendant has been previously convicted of three violent felonies. 18 U.S.C. § 924(e)(1). Defendant entered a guilty plea for possession of a firearm by a convicted felon in the Superior Court of Muscogee County, Georgia, for the same conduct giving rise to the federal charge against Defendant in this Court. Mot. to Exclude Exhibit List Ex. 1 at 7, Final Disposition, ECF No. 29-1 [hereinafter Final Disposition]; Mot. to Exclude Exhibit List Ex. 2, Plea of Guilty, Waiver of Trial by Jury, and Waiver of Rights, ECF No. 29-2 [hereinafter Plea of Guilty and Waiver]. He was sentenced to two years of imprisonment, followed by eight years of probation for the state offense. Final Disposition. When Defendant entered his guilty plea in state court, he was unaware that he could be indicted for the same conduct in federal court; nor did he know that he faced the possibility of a minimum mandatory fifteen-year prison sentence. At the hearing on his Motion to Exclude, counsel who represented Defendant in the state-court proceedings testified that he never advised Defendant of the possibility of the subsequent federal prosecution. *See generally* Minute Entry for Proceedings on Mot. to Exclude, Feb. 1, 2011, ECF No. 28. Counsel explained that no federal law enforcement officials or Assistant United States Attorneys had expressed any interest in the case before he negotiated the guilty

plea in state court, and therefore, it never entered his mind that a subsequent federal prosecution would be pursued. *See generally id.*

The Government intends to use Defendant's state guilty plea as evidence of an admission by a party-opponent in its prosecution of Defendant in this federal action. Defendant challenges the admissibility of his state-court guilty plea, claiming that his state-court counsel rendered ineffective assistance by failing to advise him of the possibility of a subsequent federal prosecution for the same conduct. Defendant contends that his counsel did not advise him of the potential federal consequences of the guilty plea, including: essential foreclosure of potential defenses against a federal felon-in-possession charge; exposure to a minimum mandatory sentence of fifteen years imprisonment; and use of the guilty plea and statements in connection with the guilty plea in the subsequent federal prosecution. As a result of this ineffective assistance, Defendant argues that his plea was not knowing or voluntary. The Government responds that Defendant has not moved to set aside or collaterally attack his conviction in state court, and therefore, the validity of Defendant's state-court guilty plea should not be evaluated by this Court. The Government argues that Defendant is attempting to maintain the benefit of his plea bargain in state court

while at the same time arguing his conviction should be ignored in this Court.[1]

## DISCUSSION

Defendant's guilty plea to the state charge of felon-in-possession of a firearm could be excluded if: (1) his state court conviction is void because of ineffective assistance of counsel resulting in a guilty plea that was not knowing or voluntary; (2) his admissions were obtained in violation of his constitutional rights which he did not waive; or (3) his admissions are not admissible under the Federal Rules of Evidence. The Court addresses each of these issues in turn.

## I. Collateral Attack on the State-Court Judgment

Defendant argues that his state guilty plea should be excluded because it was not a knowing and voluntary plea due to ineffective assistance of counsel, and thus, the use of it in this federal proceeding violates his constitutional right to counsel under the Sixth Amendment to the United States Constitution. Although Defendant's state conviction has not been vacated directly in any state or federal proceeding, he seeks to have it vacated indirectly

---

[1]Subsequent to the hearing on the pending motion, Defendant filed a motion to continue his trial "in order to pursue his state remedies." Mot. to Continue Trial ¶ 5, ECF No. 31 [hereinafter Mot. to Continue]. The Court expresses no opinion as to the effect of any possible future state proceedings on the admissibility of Defendant's guilty plea admissions and will reconsider today's Order upon being notified of the result of any such proceedings.

for the limited purpose of this federal action through his motion to exclude. The Court finds that it does not have the authority to invalidate Defendant's state-court conviction and related guilty plea in this proceeding.

Although the Court has found no Eleventh Circuit authority addressing whether a federal court can invalidate a state-court conviction that the federal government intends to use as an admission in a subsequent federal prosecution for the same conduct, the United States Supreme Court and the Eleventh Circuit have both squarely addressed the analogous issue of whether a federal court can ignore a state-court conviction that the federal government seeks to use in a federal sentencing proceeding to enhance a defendant's prison sentence for being an Armed Career Criminal under 18 U.S.C. § 924(e). As held by the Supreme Court, a defendant in such a proceeding "has no . . . right (with the sole exception of convictions obtained in violation of the right to counsel) to collaterally attack prior convictions" upon which the enhancement is based. *Custis v. United States*, 511 U.S. 485, 487 (1994); *accord United States v. Covington*, 565 F.3d 1336, 1345 (11th Cir. 2009) (defendant in a § 924(e) sentencing enhancement proceeding cannot assert "a claim that predicate conviction counsel was ineffective nor a claim that the guilty plea leading to that conviction was not knowing and intelligent"). The Supreme Court explained that collateral attacks

5

in such proceedings were limited to situations where a defendant had no counsel. *See Custis*, 511 U.S. at 496 (specifically holding that no constitutional right exists to collaterally attack prior convictions used for sentence enhancement based upon the arguments that defendant was denied effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights).

The Supreme Court added that "[t]he interest in promoting the finality of judgments provide[d] additional support" for its constitutional conclusion. *Id.* at 497. As explained by the Court, "[i]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice." *Id.* (alteration in original) (internal quotation marks omitted). "By challenging the previous conviction, the defendant is asking a district court to deprive [the] [state-court judgment] of [its] normal force and effect in a proceeding that ha[s] an independent purpose other than to overturn the prior judgment." *Id.* (alterations in original) (internal quotation marks omitted). As noted by the Supreme Court, "[t]hese principles bear extra weight in cases in which the prior convictions, such as one challenged by [the defendant], are based on guilty pleas, because when a guilty plea is at issue, the concern with finality served by the limitation on collateral attack has special force."

6

*Id.* (internal quotation marks omitted). Moreover, the defendant who believes that his guilty plea was unconstitutionally obtained has the option to "attack his state sentences in [state court] or through federal habeas review." *Id.*

Finally, the Supreme Court recognized the substantial burden on the administration of justice that would be created if the district courts were required to evaluate claims of ineffective assistance of counsel and failure to assure that a guilty plea was voluntary in proceedings that have an independent purpose other than overturning the prior judgment. *Id.* at 496.

Although the holding in *Custis v. United States* addressed a defendant's right to collaterally attack the underlying convictions in a sentencing proceeding to enhance a defendant's sentence pursuant to § 924(e), the Court finds that the rationale expressed in *Custis* applies with equal force to one of the issues presented here: whether a defendant can collaterally attack a state-court conviction to avoid its use in a subsequent federal prosecution for the same conduct. Just as a defendant who seeks to avoid a mandatory minimum fifteen-year sentencing enhancement has no constitutional right to attack the state-court conviction upon which that enhancement is based unless he had no counsel at all in the state proceeding, the Defendant here has no constitutional right to attack the validity of the state-court conviction. All of the factors that supported the

7

Supreme Court's constitutional conclusion in *Custis* apply here, including the finality of judgments, the burden upon the administration of justice, and the availability of habeas corpus proceedings for Defendant to collaterally attack his state-court conviction. For all of these reasons, the Court finds that this Court does not have the authority to vacate Defendant's state-court conviction, even for the limited purpose of these proceedings.

**II. Exclusion of Defendant's Admissions**

Defendant argues that he is not attempting to vacate his state-court conviction. In fact, he is satisfied with the deal he struck with the state authorities, as demonstrated by his decision not to directly appeal or collaterally attack his state-court conviction through a state or federal habeas corpus action.[2] Instead, he simply wants to avoid one of the consequences of his plea–the subsequent use of the admissions he made during the state plea proceedings in this federal action. Thus, Defendant makes a fine distinction between collaterally attacking his state court *conviction,* which is not permitted under *Custis v. United States,* and excluding his *admissions* associated with that otherwise valid conviction. The Court agrees that a distinction exists. In *Custis,* the defendant faced an enhanced sentence unless he invalidated the

---

[2] The Court acknowledges that Defendant now states that he intends "to pursue his state remedies," *see* Mot. to Continue ¶ 5, but no evidence has been presented as to what exactly he is presently pursuing.

8

underlying convictions. As long as that conviction was valid, he was subject to a mandatory enhanced sentence. Thus, because the *existence* of the conviction created the sentencing enhancement, the Supreme Court had to determine whether a federal district court could be called upon to make a ruling that the state-court conviction was void as unconstitutional in a proceeding that did not directly seek to vacate that conviction. The Supreme Court was not faced with the question of whether *admissions* made in those state-court proceedings could never be challenged in a subsequent prosecution. Defendant here argues that the admissions were obtained in violation of his constitutional rights under the Fifth and Sixth Amendments which he claims he did not waive. This case presents the issue whether those admissions can be challenged, and if so, to what extent are they admissible. For the following reasons, the Court finds that they can be challenged, but that under the circumstances of this case, they are admissible.

### A. Waiver of Fifth and Sixth Amendment Rights

Defendant contends that the use of his state guilty plea admissions in this subsequent proceeding results in an unconstitutional waiver of his rights under the Fifth and Sixth Amendments to the Constitution. As previously noted, Defendant does not seek to vacate his state conviction, which he now maintains was a product of these unconstitutional waivers, but instead seeks to

disavow responsibility for any admissions made during those proceedings because he did not know they could be used against him in this federal prosecution. He essentially maintains that if he had known that his state-court guilty plea admissions could be used against him in this subsequent federal proceeding, he would have never pled guilty to the state charges and thus, would not have made the associated admissions.

It is clear that Defendant waived his Fifth and Sixth Amendment rights as they relate to his state conviction. He had counsel representing him in the state proceeding. He makes no allegation that counsel was ineffective in advising him that he was waiving his Fifth and Sixth Amendment trial rights regarding the state charge by pleading guilty to that charge. He points to no evidence that he was not advised of his Fifth and Sixth Amendment rights as they related to his state proceeding; nor does he dispute that he waived those rights for purposes of his state proceeding. In fact, he appears satisfied with the state proceeding as long as it plays no role in the present federal proceedings. As mentioned previously, Defendant has not appealed the state court judgment and has not sought habeas corpus relief. Therefore, while acknowledging that he knowingly and voluntarily waived his Fifth and Sixth Amendment rights in the context of his state guilty plea proceeding, Defendant maintains that

he never waived those rights as they relate to this subsequent federal proceeding.

Significantly, Defendant made all of the admissions that the Government seeks to use in this action prior to any federal charges being made against him. His state-court guilty plea preceded his federal indictment, and no evidence has been presented that he was even questioned by federal authorities prior to the entry of his state-court guilty plea. Therefore, Defendant's right to counsel for the present federal charge had not even attached when Defendant made the state-court guilty plea admissions. *See United States v. Burgest,* 519 F.3d 1307, 1309-11 (11th Cir. 2008) (even though defendant was represented by counsel on pending state law charges, federal agents were permitted to question defendant about potential violation of federal drug laws without presence of counsel because Sixth Amendment right to counsel had not attached with respect to any federal offense); *see also United States v. Harris,* 526 F.3d 1334, 1339-1340 (11th Cir. 2008) (per curiam) (finding that statements defendant made to agents questioning him about potential violations of 18 U.S.C. § 922(g) and 924(e) after he was provided an attorney to represent him on state charges were admissible because the dual sovereignty doctrine applied so that right to counsel for state charge did not attach to uncharged federal offense); *United States v. Knight,* 562 F.3d 1314, 1327-1328 (11th Cir. 2009) (finding that

11

"[t]he dual sovereignty doctrine applies to the right to counsel such that an invocation of the right to counsel for a state charge does not invoke the right for an identical federal charge"). Accordingly, the Court rejects Defendant's argument that using his state-court admissions against him in this federal proceeding results in an unconstitutional waiver of his Fifth and Sixth Amendment rights based on his attorney's failure to advise him that his previous guilty plea may be used against him a later federal proceeding. If his Sixth Amendment right to counsel in this federal proceeding had not even attached at the time he made the admissions, then counsel ineffectiveness in the state court proceeding cannot be relied upon to exclude the admissions in this subsequent federal proceeding.[3]

B. Voluntariness of State Guilty Plea Admissions

Although Defendant does not make this argument in his motion, the Court finds it prudent to address whether Defendant's state court guilty plea admissions could be excluded because they were not voluntary. The Due Process Clause of the Fourteenth Amendment prohibits the Government's use of involuntary confessions. *Miller v. Fenton,* 474 U.S. 104, 109-10 (1985); *Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir. 1989). To determine whether a confession is

---

[3] Defendant's ineffective assistance of counsel claim would be restricted to the proceeding in which counsel was allegedly ineffective, the state court proceeding. As previously explained, Defendant has made no direct or collateral attack on his state court judgment and cannot attack that judgment indirectly in these proceedings.

12

voluntary, the Court evaluates the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 225-26 (1973).

Under *Jackson v. Denno,* 378 U.S. 368 (1964), the district court must give a defendant an opportunity outside the presence of the jury to attack the voluntariness of any confessions he may have made. *See id.* at 390-91 (finding that state-court procedure allowing a jury to determine the voluntariness of a defendant's confession violated defendant's due process rights). Before those admissions are heard by the jury, the Court must make a determination that the confession was sufficiently reliable and voluntary to be considered by the jury. *See id.* at 376-77. Defendant had an opportunity to attack the voluntariness of his state-court guilty plea admissions at the hearing on his motion to exclude. Defendant presented no evidence that he was coerced into making those admissions; nor was any evidence presented that he was offered any improper inducement to plead guilty to the charges. There is no indication that Defendant was tricked or misled into making the state guilty plea admissions. He does not dispute that before he admitted his guilt he was informed of his right to plead not guilty, to have his case decided by a jury, his presumption of innocence, and the government's burden to prove him guilty beyond a reasonable doubt. *See* Plea of Guilty and Waiver. He simply maintains that because he did not know all of the consequences that may flow from his admissions, specifically the

13

possible use of them in a subsequent federal prosecution, that those admissions should not be used against him. Having reviewed the totality of the circumstances, the Court finds that Defendant's state-court guilty plea admissions were entirely voluntary. Defendant nevertheless may introduce evidence at trial that bears on the voluntariness and reliability of the admissions. *See Lego v. Twomey,* 404 U.S. 477, 485-86 (1972) (noting that a defendant is free "to familiarize a jury with circumstances that attend the taking of his confession, including facts bearing upon its weight and voluntariness").

### C. Admissibility Under the Federal Rules of Evidence

The Court next examines whether Defendant's admissions are admissible under the Federal Rules of Evidence. It is clear that Defendant's guilty plea admissions are relevant. *See* Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Furthermore, as admissions by a party-opponent, they are not hearsay. Fed. R. Evid. 801(d)(2).

The only possible avenue for exclusion under the Federal Rules of Evidence is Rule 403, which permits exclusion of the admissions if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

Fed. R. Evid. 403. The Court makes no such finding here. The admissions have unparalleled probative value. A voluntary confession to the charge is evidence of the highest order in a criminal proceeding. Although the admissions are certainly prejudicial, they are not unfairly so. Defendant makes no contention that he was incompetent to enter an informed plea, that his plea was untrue, that he did not understand what he was doing, or that anyone forced him to plead guilty. He simply maintains that he did not understand one consequence of pleading guilty to the state charge-the possibility that it could be used against him in a subsequent federal prosecution. While this is certainly a significant consequence, the Court finds that it is not enough to establish that the probative value of the admissions is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Therefore, the evidence cannot be excluded under Rule 403.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Exclude (ECF No. 24) is denied.

IT IS SO ORDERED, this 8th day of February, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE